J-S40006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
SHAWN TURNER :
:
Appellant : No. 3230 EDA 2019

Appeal from the PCRA Order Entered August 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001329-2015,
CP-51-CR-0001336-2015, CP-51-CR-0001354-2015,
CP-51-CR-0001370-2015, CP-51-CR-0001371-2015,
CP-51-CR-0008881-2014

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 26, 2021**

Appellant, Shawn Turner, appeals *pro se* from the order denying his

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the procedural history of this case as

follows:

On March 22, 2016, Appellant . . . entered non-negotiated
guilty pleas on seven (7) cases, as follows:

CP-51-CR-0008881-2014 -- Fleeing or attempting to elude
police (F-3);

CP-51-CR-0001329-2015 – Robbery (F-1), Conspiracy to
Commit Robbery (F-1), Possession of an Instrument of a Crime
(M-1) and Terroristic Threats (M-1);

_____

[*] Retired Senior Judge assigned to the Superior Court.

CP-51-CR-0001336-2015 – Robbery (F-1), Conspiracy to Commit Robbery (F-1), Possession of an Instrument of a Crime (M-1), Terroristic Threats (M-1) and Simple Assault (M-2);

CP-51-CR-0001354-2015 – Robbery (F-1) and Possession of an Instrument of a Crime (M-1);

CP-51-CR-0001370-2015 – Robbery (F-1) and Conspiracy to Commit Robbery (F-1);

CP-51-CR-0001371-2015 – Robbery (F-1), Conspiracy to Commit Robbery (F-1) and Possession of an Instrument of a Crime (M-1); and

CP-51-CR-0001372-2015 – Robbery (F-1), Conspiracy to Commit Robbery (F-1) and Possession of an Instrument of a Crime (M-1).[1]

> [1] Appellant only listed six (6) cases in his PCRA petition, omitting CP-51-CR-0001372-2015. Although that case is not part of this appeal, it is included herein for completeness.

On August 3, 2016, [Appellant] was sentenced to an aggregate of 17 $1/2$ to 35 years incarceration.

On August 11, 2016, a timely Motion for Reconsideration of Sentence was filed by [Appellant].

On August 25, 2016, the [c]ourt denied the motion for reconsideration of sentence.

A timely Notice of Appeal was filed on September 19, 2016.

The sentences were affirmed by the Superior Court on November 15, 2017.

On November 7, 2018, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA).

On July 16, 2019, appointed counsel submitted a no-merit letter and motion to withdraw, pursuant to *Commonwealth v. Finley*, [550 A.2d 213] (Pa. Super. 1988).

On August 6, 2019, the [c]ourt issued a Notice of Intent to Dismiss the petition, pursuant Pa.R.Crim. P. 907.

On August 30, 2019, the [c]ourt dismissed the PCRA petition, granted counsel's motion to withdraw, and sent Appellant notice of the dismissal, pursuant to Pa.R.Crim.P. 907(4).

On September 30, 2019, Appellant mailed a *pro se* notice of appeal to the [c]ourt, addressed to chambers.[2] The [c]ourt forwarded that notice to the clerk for filing.

> [2] Appellant's Notice of Appeal and Certificate of Service are dated September 30, 2019. The postmark on the envelope from SCI-Forest is dated October 1, 2019.[1]

\* \* \*

Prior to pleading guilty, [Appellant] executed a written guilty plea colloquy on each case and an oral colloquy was conducted.

PCRA Court Opinion, 11/12/19, at 1-2 (internal citation omitted).

Before we can entertain the merits of the instant appeal, we must address the fact that Appellant filed a single *pro se* notice of appeal identifying six different docket numbers. "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with [Pa.R.A.P] 341(a)[.]" **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018). For

---

[1] "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). Appellant's notice of appeal and certificate of service are dated September 30, 2019. The docket indicates that the notice of appeal was filed on October 1, 2019. The PCRA court further noted that on September 30, 2019, Appellant mailed a *pro se* notice of appeal to the court, addressed to chambers, which the PCRA court forward to the clerk for filing. PCRA Court Opinion, 11/12/19, at 2. Thus, it appears that Appellant attempted to mail the notice of appeal on September 30, 2019. As such, we conclude that the filing of this appeal is timely pursuant to the prisoner-mailbox rule.

cases filed after June 1, 2018, **Walker** requires that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. Failure to do so results in quashal of the appeal. **Id.** at 977.

In the case *sub judice*, Appellant filed his *pro se* notice of appeal on September 30, 2019. On January 6, 2020, we issued a rule to show cause why the instant appeal should not be quashed under **Walker**. In his response, Appellant claims that he was initially unaware of the **Walker** rule, but upon learning of it, he filed a motion to file appeals *nunc pro tunc* with the clerk for the Common Pleas Court of Philadelphia. Appellant's Response to the Issued Order, Dated January 6, 2020, to Show Cause, 1/21/20, at 1-2. Despite Appellant's assertions, however, the court of common pleas docket does not reflect the filing of such motion. The show-cause order was discharged on January 21, 2020, and the matter was referred to this merits panel.

**Walker's** mandate is clear. Appellant was required to file six separate notices of appeal in this matter. Appellant failed to do so. Thus, at first blush, this appears to be a clear violation of **Walker**, requiring quashal of this appeal.

However, we conclude that quashal is unnecessary in light of this Court's recent decision in **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020).

> In **Larkin**, the PCRA court entered an order dismissing the defendant's PCRA petition, in which the defendant had sought PCRA relief relating to more than one docket. The PCRA court's dismissal order informed the defendant that he had thirty days from the date of the order "to file **an** appeal." (emphasis in original). The defendant timely filed a notice of appeal listing both

of his criminal docket numbers. We declined to quash the appeal on the ground that the order's reference to "an appeal" misled the defendant into filing a single notice of appeal, thus constituting a breakdown in the court's operation. [*Larkin*, 235 A.3d at 353-354] (citing *Commonwealth v. Stansbury*, 219 A.3d 157, 159-60 (Pa. Super. 2019) (noting that "we have many times declined to quash a [defective] appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court" and holding that this Court can overlook such defects because the purveyance of misinformation by the court constitutes a breakdown in the court's operations)).

*Commonwealth v. Floyd*, ___ A.3d ___, ___ , 2020 Pa. Super. 287, *3 (Pa. Super. filed December 16, 2020) (some internal citations omitted).

Instantly, the PCRA court's certification of dismissal, which lists all six docket numbers, notified Appellant that he may file "a" notice of appeal. Notice of Dismissal of PCRA Petition and Right to Appeal Pursuant to Pennsylvania Rule of Criminal Procedure 907(4), 8/30/19, at 1. As this Court concluded in *Larkin*, a breakdown occurred in the court system and Appellant was misinformed or misled regarding his appellate rights; thus, we may overlook the requirements of *Walker*. *Larkin*, 235 A.3d at 354. Accordingly, pursuant to the holding in *Larkin*, we decline to quash Appellant's appeal.

We now turn to the merits of this appeal. Appellant presents the following issues for our review, which we present *verbatim*:

1. Whether Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) improperly dismissed the Motion For Post-Conviction Collateral Relief that appellant, pro se, filed with the Clerk for Court of Common Pleas of Philadelphia County (Common Pleas-Philadelphia)?

2. Whether Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) improperly granted the Motion to Withdraw that

- 5 -

Matthew P. Sedacca, Esq., Post-Conviction counsel (hereafter attorney Sedacca) filed with the Clerk for Court of Common Pleas of Philadelphia County (Common Pleas -Philadelphia)?

3. Whether Evan Hughes, Esq., Trial counsel (hereafter attorney Hughes) made to appellant an improper promise relative (to appellant receiving a pre-determined sentence term of seven and a half ($7^{1}/_{2}$) years to fifteen (15) years imprisonment in exchange for appellant being agreeable to tender a plea of guilty (guilty plea) relative to eight (8) counts of the criminal offense (offense) Robbery, five (5) counts of the offense Criminal Conspiracy (Conspiracy), one (1) count of the offense Simple Assault, six (6) counts of the offense Possessing Instrument of Crime (PIC), two (2) counts of the offense Terroristic Threats, and one (1) count of the offense Fleeing or Attempting to Elude a Police Officer (Fleeing) prior to appellant having tendered, and Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) having accepted a guilty plea relative to said count(s) of the said offense(s) at the conclusion of a guilty plea hearing that Judge Campbell conducted on appellant's behalf?

4. Whether Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) failed to ensure appellant was aware of each essential element that comprised the individual criminal offense (offense)(s) filed against appellant, via an on-record plea of guilty (guilty plea) colloquy, during a guilty plea hearing that he conducted on appellant's behalf?

5. Whether Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) failed to ensure appellant was aware of the possibility that any sentence(s) imposed against appellant could be found to be served consecutively, via an on-record plea of guilty (guilty plea) colloquy, during a guilty plea hearing that he conducted on appellant's behalf?

6. Whether Giovanni O. Campbell, Trial Judge (hereafter Judge Campbell) improperly accepted from appellant several plea of guilty (guilty plea)(s) that were not knowingly, intelligently, or voluntarily tendered at the conclusion of a guilty plea hearing that he conducted on appellant's behalf?

Appellant's Brief at 4-5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

We first note that although Appellant identified six issues in his Statement of Questions Involved, the Argument section of his brief addresses and presents arguments in support of only three issues. Thus, the remaining issues raised in his Statement of Questions Involved are waived. **See Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) ("[I]ssues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived.").

In his first issue addressed in the Argument section of his brief, Appellant asserts the following, which we have set forth herein *verbatim*:

> I. Appellant would not have tendered a plea of guilty (guilty plea) relative to eight (8) counts of the criminal offense (offense) robbery, five (5) counts of the offense criminal conspiracy (conspiracy), one (1) count of the offense simple assault, six (6) counts of the offense possessing instrument of crime (pic), two (2) counts of the offense terroristic threats, and one (1) count of the offense fleeing or attempting to elude a Police officer (fleeing) at the conclusion of a guilty plea hearing that Giovanni O. Campbell, trial judge (hereafter Judge Campbell) conducted on his behalf, if not for Evan Hughes, Esq., Trial Counsel, (hereafter Attorney Hughes) having made to him a promise relative to him receiving a pre-determined sentence term of seven and a half (7 1/2) years to fifteen (15) years imprisonment in exchange for him being agreeable to tender a guilty plea relative to said count(s) of said offense(s) prior to said guilt, plea hearing[.]

Appellant's Brief at 18 (full capitalization omitted).

The record reflects that Appellant did not raise this issue in his *pro se* PCRA petition. PCRA Petition, 11/7/18, at 4. Appointed counsel did not file an amended PCRA petition. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. 2011) (quotation and citations omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appointed counsel, however, filed a ***Turner***/***Finley***[2] letter in support of his motion to withdraw, and therein addressed Appellant's potential claims. In the ***Turner***/***Finley*** letter, counsel identifies claims of trial counsel's ineffectiveness for permitting Appellant to enter an open guilty plea and for trial counsel being ineffective "where a guilty plea was unlawfully induced." ***Turner***/***Finley*** Letter, 7/11/19, at unnumbered 5. As such, we decline to find this issue waived.

When considering an allegation of ineffective assistance of counsel ("IAC"), counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) petitioner was prejudiced by counsel's action or omission.

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), (setting forth the requirements for counsel seeking to withdraw in collateral proceedings).

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

With regard to entry of an allegedly involuntary plea, this Court has explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). Additionally, a written plea colloquy that is read, completed, signed by the defendant, and made part of the record, may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Commonwealth v. Morrison*, 878 A.2d 102, 108-109 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.). "Our law presumes that a defendant who

enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted).

In addressing this issue, the PCRA court explained:

> Appellant's claim that counsel was ineffective in permitting Appellant to enter open guilty pleas is without merit.
>
> The record demonstrates that the Commonwealth offered Appellant a global plea offer of 15-30 years, which Appellant declined after consultation with counsel. Instead, Appellant elected to enter guilty pleas and permit the [c]ourt to determine sentence. Appellant was advised and agreed in writing and orally under oath that he was entering open pleas. Appellant also understood that he was giving up the right to go to trial, whether before the [c]ourt or jury. The guilty pleas were entered into knowingly, intelligently and voluntarily, and were not induced by promises or threats.
>
> The Superior Court has explained:
>
> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> \* \* \*
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> \* \* \*
>
> A defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

- 10 -

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Here, the record upon which we must rely consists of Defendant's written and oral colloquy acknowledging in detail all the rights he was giving up, including his right to trial, that he understood those rights and the decision he was making, and that his decisions were not the result of coercion or promises.

Accordingly, there is no basis for finding that counsel was ineffective in relation to Appellant's knowing and voluntary decision to reject the Commonwealth's offer, give up the right to trial, and instead enter open guilty pleas.

\* \* \*

As discussed above, Appellant is bound by his sworn written and oral answers to questions regarding the voluntariness of his guilty plea. In these cases Appellant was specifically colloquized:

THE COURT: And has anyone forced you or coerced to plead guilty in this case today?

THE DEFENDANT: No.

THE COURT: Anyone made you any promises to get you to plead guilty in this case?

THE DEFENDANT: No.

Appellant also stated in the written colloquies, which he acknowledged and signed, that: "Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty."

Accordingly, there is no merit to the claim that the guilty pleas were unlawfully induced.

PCRA Court Opinion, 11/12/19, at 4-5.

We agree with the PCRA court's conclusion. In accepting Appellant's

plea, the trial court conducted an on-the-record guilty plea colloquy. N.T.,

3/22/16, at 6-19. Appellant also executed a written guilty plea colloquy. The totality of circumstances surrounding the pleas supports the conclusion that Appellant knowingly, voluntarily, and intelligently entered his guilty pleas and that the pleas were not induced by promises of a particular sentence. Moreover, Appellant has failed to carry the burden of proving otherwise. **Pollard**, 832 A.2d at 523. Accordingly, Appellant has failed to establish that trial counsel was ineffective and induced his guilty plea. Appellant is entitled to no relief on this claim.

In Appellant's next claim presented in the Argument section of his brief, he argues that:

> Appellant would not have tendered a plea of guilty (guilty plea) relative to eight (8) counts of the criminal offense (offense) robbery, five (5) counts of the offense criminal conspiracy (conspiracy), one (1) count of the offense simple assault, six (6) counts of the offense possessing instrument of crime (pic), two (2) counts of the offense terroristic threats, and one (3) count of the offense fleeing or attempting to elude police officer (fleeing) at the conclusion of a guilty plea hearing that Giovanni O. Campbell, trial judge (hereafter Judge Campbell) conducted on his behalf, if not for Judge Campbell having failed to ensure he was aware of each essential element that comprised said individual offense(s), via an on-record guilty plea colloquy, during said guilty plea hearing.

Appellant's Brief at 21 (*verbatim*).

As noted *supra*, the trial court conducted an oral colloquy when taking Appellant's open pleas. Moreover, Appellant executed written colloquies as well. As the PCRA court observed: "Appellant acknowledged in the written and oral colloquies that the elements of the crimes to which he was pleading

- 12 -

guilty had been explained to him. Written Colloquies, p.4; NT 3/22/16, 16-17. Appellant cannot now repudiate his signed and sworn statements." PCRA Court Opinion, 11/12/19, at 5.

We agree with the PCRA court's conclusion. We further note that during the guilty plea hearing, the trial court addressed each case and read the facts of each case into the record. Appellant confirmed the facts and entered a guilty plea. N.T., 3/22/16, at 19-32. Thus, Appellant is entitled to no relief on this claim.

In his final claim addressed in the Argument section of his Brief, Appellant argues:

> III. Appellant would not have tendered a plea of guilty (guilty plea) relative to eight (8) counts of the criminal offense (offense) robbery, five (5) counts of the offense criminal conspiracy (conspiracy), one (1) count of the offense simple assault, six (6) counts of the offense possessing instrument of crime (pic), two (2) counts of the offense terroristic threats, and one (1) count of the offense fleeing or attempting to elude a police officer (fleeing) at the conclusion of a guilty plea hearing that Giovanni O. Campbell, trial judge (hereafter Judge Campbell) conducted on his behalf, if not for Judge Campbell having failed to ensure he was aware of the possibility that any sentence(s) imposed against him could be found to be served consecutively, via an on-record guilty plea colloquy, during said guilty plea hearing[.]

Appellant's Brief at 26 (*verbatim*).

We first note that Appellant has failed to preserve this issue by raising it in his *pro se* PCRA petition. Moreover, it was not raised in appointed-counsel's **Turner**/**Finley** letter. As such, this issue is waived. **See Ousley**, 21 A.3d at 1242 ("It is well-settled that issues not raised in a PCRA petition

- 13 -

cannot be considered on appeal.") (quotation and citations omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Because Appellant did not raise these issues before the PCRA court, he has waived them on appeal.

Moreover, even if this issue had not been waived, we would find no merit to Appellant's claims. During the guilty plea colloquy, the trial court explained to Appellant the potential sentences for each conviction. N.T., 3/22/16, at 13-14. The trial court also advised Appellant: "If you were to be sentenced or receive the maximum sentences on each one of those counts, the aggregate would be 279 years $1,700,000 fine." ***Id.*** at 14. Appellant stated that he understood that explanation. ***Id.*** As such, Appellant was made aware that he could be sentenced to serving consecutive sentences. Appellant is entitled to no relief on this claim.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2021